R. P. FRANCIS et al.

*v.*

DANIEL LAWRENCE.

1. A voluntary conveyance was made by a husband to his brother-in-law, who was to convey the land to the wife of the grantor. It was not acknowledged when signed, or delivered to the grantee, but was held by the wife for some months, after which it was acknowledged by the husband, and the brother-in-law conveyed to the wife, and the two deeds were then recorded. Prior to the signing, the husband, to obtain credit, represented to creditors that he owned the property, and after it was signed he repeated the representations to procure additional credit.—*Held,* the conveyance took effect only from the date of acknowledgment and delivery, and was void as to creditors having claims due on open account at that time, and was fraudulent as to the claims of the complainants which had been incurred by means of the representations of the debtor that he was the owner of the property.

2. A creditor who obtains a lien by levy of attachment on lands can maintain a creditors' bill to set aside a fraudulent conveyance thereof.

On creditor's bill.

*Mr. John A. Landregan,* for the complainants.

*Messrs. Niven & Minturn,* for the defendant.

GREEN, V. C.

The complainants, R. P. Francis & Son, on February 5th, A. D. 1890, issued a writ of attachment out of the Hudson county circuit court against the rights and credits, moneys and effects, goods and chattels, lands and tenements of Daniel Lawrence, under which the sheriff, on the same day, attached a lot of land and premises in North Bergen, being property conveyed to the defendant in attachment by one John Fitzpatrick. Henry Schneider is an applying creditor under the attachment.

Judgment in the action was entered on the 17th day of December, 1890, in favor of the plaintiffs, the said R. P. Francis & Son, for $492.50, and in favor of Henry Schneider, the

applying creditor under said attachment, who has also been made a party complainant to this suit, for $320.19.

This suit is brought by R. P. Francis & Son, in behalf of themselves and such other creditors as may come in, to set aside a conveyance of the property attached, made by Daniel Lawrence and wife to R. J. Tallon, and by R. J. Tallon and wife to Bridget Lawrence, the wife of the judgment debtor.

These conveyances are expressed to be in consideration of $1, and are admitted to have been voluntary, the wife saying that the object of them was to put the property in her name.

The defence, as developed by the answer, is, that at the time of the conveyances Lawrence, the grantor, was not indebted, and that he was in a position to legally and equitably make a valid gift to his wife, good as against subsequent creditors.

The deed from Lawrence and wife to Tallon is dated March 25th, A. D. 1889; the subscribing witness was Charles Shangood, notary public, 317, New York county, New York; it was acknowledged October 16th, 1889, before Henry A. Gaede, and received in the office of the register of Hudson county for record October 17th, 1889, at 10.45 A. M.

The deed from Tallon and wife to Bridget Lawrence is dated October 16th, 1889, and acknowledged the same day, before Henry A. Gaede, and received in the office of the register of Hudson county for record October 17th, 1889, at 10.45 A. M.

Mrs. Lawrence says that the first deed was drawn in New York by some person in Christopher street, and was signed there at the time in March when it bears date; was given to her then; was retained by her in her possession until the other deed was made in October, and that its purpose was to transfer the property to her; that Mr. Gaede prepared the deed from Tallon to her (Tallon is her brother); that all four of them—that is, she and her husband and Tallon and his wife, went down to Mr. Gaede's; that Tallon's wife's name not being inserted in a deed which had been made out, a new deed was drawn by Mr. Gaede which was executed, and that they all waited there while that deed from Tallon and his wife to her was drawn, and that she

then gave the deeds to her son, who took them the next day to be recorded.

It is evident from this that the deed from Lawrence and wife to Tallon was not delivered or took effect until the 16th of October, 1889, and under the rule, in *Gardner* v. *Kleinke, 1 Dick. Ch. Rep. 90,* and *Hagerman* v. *Buchanan, 18 Stew. Eq. 292,* these conveyances, being voluntary, are void as against any one who was a creditor of Lawrence at that time.

The point is raised that Francis and Schneider do not stand in the position of creditors, as contemplated by the statute, because Lawrence's indebtedness was on an open account. I do not see the force of this contention. A man is as much a debtor with reference to his store bill as he is upon a note which he has given for a definite amount. To the amount that these claims were due on the 16th of October, 1889, the law presumes the conveyances attacked to have been fraudulent and void.

As to the balance, it seems unnecessary to consider what effect should be given to the fact that contracts had been made by Lawrence with these creditors prior to the 16th of October, 1889, which were at that time in course of fulfillment, and were afterwards completed, for I think the evidence of fraud is so clearly established that this transfer must be regarded, independent of that fact, as fraudulent as to these two creditors.

This man Lawrence was a carpenter, but not in business for himself prior to March, 1889. Having one son who was a mason, and another who was a carpenter, he says he thought he would set up in business for himself. In the early part of March he applied to Francis & Son for credit, and on Mr. Francis's assistant, in accordance with his custom, not finding him rated either by Dun or Bradstreet, requiring some assurance of his ability to meet the obligations he sought to incur, he represented himself as the owner of the house and lot in question, as he undoubtedly then was.

On subsequent occasions, when making additional contracts, and when pressed for payment, he repeated these representations to the assistant of Francis & Son, by whom he was given credit as the owner of this property.

Mr. Schneider, the other complainant, had been a sufferer from the failure of the former employer of Lawrence, and when Lawrence applied to him for credit he stated to Mr. Schneider that he was not like that man, but owned the house and lot where he lived himself; that there was no mortgage on it, and that the title to it was not in his wife's name. At the time of each of these representations, except the first, his wife was in possession of a conveyance of the property from him to his brother-in-law, for the purpose of vesting the title in her name. The deed was not delivered to the grantee, and not placed upon the record, but was held by the wife, and the husband was thus enabled to trade upon the false credit which he acquired by being the apparent owner of the property, while the deed was ready to be put upon the record at a moment's notice. He continued in his business, and incurred obligations therein, until January, 1890, when he unceremoniously left these parts, without his family or creditors knowing where he had gone. This transaction cannot be regarded in any other light than as a fraud upon the creditors (*Beeckman* v. *Montgomery, 1 McCart. 106 ; Cramer* v. *Reford, 2 C. E. Gr. 367, 383 ; City National Bank* v. *Hamilton, 7 Stew. Eq. 158*), and as these conveyances stand in the way of the collection of the judgment which has been obtained, they must be set aside unless objections raised by counsel are substantial. *Hardenburgh* v. *Blair, 3 Stew. Eq. 645, 658 ; Robert* v. *Hodges et al., 1 C. E. Gr. 299.*

I have already noticed the first point made by counsel. The second is, that the complainants are not entitled to a decree, because they have not shown the issue and return of an execution against Daniel Lawrence ; and, third, that at the time the bill was filed there was no judgment of record on which they could base a creditor's bill. These points may be considered together.

The reason that a court of chancery will not take cognizance of the claim of a general creditor is, that until such claim has ripened into a judgment the creditor has no lien to be enforced against the property. The court of chancery, in these cases, comes in to aid the law in enforcing the lien, and to this end to

sweep away any impediment which may have been interposed,. which would prevent the creditor from enjoying the fruits of his proceedings at law ; and the rule, elsewhere stated generally, undoubtedly is, that none but a judgment creditor can maintain a creditor's bill.

There is an exception in this state in favor of an attaching creditor, because, under the law of New Jersey, an attaching creditor obtains a lien upon the property by his writ, as a judgment creditor obtains one by his judgment, so that it is uniformly held in this state that an attaching creditor can maintain a suit of this character as well as a judgment creditor. *Hunt* v. *Field,. 1 Stock. 36 ; Williams* v. *Michenor, 3 Stock. 520 ; Robert* v.. *Hodges et al., 1 C. E. Gr. 299 ; Cocks* v. *Varney, 18 Stew. Eq. 72.* It is urged that it should appear that complainant could not obtain satisfaction of his debt, except by the remedy sought,. and that he must first exhaust his legal remedies. But from the very character of the proceeding, the writ of attachment accomplishes all that an execution under a judgment does. The issuing and return of an execution unsatisfied is taken, by the court, as plenary proof, if any is required, not only that the plaintiff has exhausted his legal remedy, but that the defendant is without other property to answer the judgment. An attachment does the same thing. The issuing of the attachment is the resort of the creditor to his legal remedy, and the return of the attachment is a bringing into court of all the property of the defendant. It is there to answer the debt not only of the plaintiff, but of applying creditors. But if the property attached cannot be made available under the attachment, in consequence of some impediment interposed, over which equity has jurisdiction but law has not, then the creditor comes into this court and asks it to remove that impediment, so that the process of law may reach it. There is no execution in attachment. The attachment being returned,. the property is sold by the order of the court. If it stands on the record in the name of the defendant in attachment, there can be no trouble in realizing its value at a sale, but if, as in this case, the defendant has put the title in his wife's name, this court.

alone can clear the title so as to permit the property to be sold under an order of the court of law.

In my opinion, the claims of the complainants having been established by the judgment in the attachment suit, a decree should be made declaring that these conveyances are fraudulent as against these complainants.